# FA`ATUI ISAIA, Appellant,

## v.

# AMERICAN SAMOA GOVERNMENT, Appellee.

High Court of American Samoa
Appellate Division

AP No. 16-99

January 17, 2002

Before KRUSE, Chief Justice, WARD,[*] Acting Associate Justice, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Bentley C. Adams, Assistant Public Defender
For Appellee, John W. Cassell, Assistant Attorney General

OPINION AND ORDER

Appellant Fa`atui Isaia ("Isaia") appeals his conviction for Possession of a Controlled Substance, in violation of A.S.C.A. § 13.1022 (1992). Isaia petitions this Court to review four issues: (1) the trial court's discretion to consider different sentencing options under the drug possession statute, A.S.C.A. § 13.1022; (2) the propriety of the prosecutor's in-court statements concerning Isaia's pre-Miranda silence; (3) the ineffective assistance of trial counsel; and (4) his guilt beyond a reasonable doubt.

## Factual and Procedural Background

On the evening of December 15, 1998, Isaia arrived in the Territory via Samoa Air flight 4175, en route from the Independent State of Samoa. A customs officer, Patrick Tuvale ("Tuvale"), noticed Isaia acting agitated and proceeded to search his luggage at the customs counter. Isaia responded to primary questions at customs inspection. (Trial Tr. 11) During the search of his belongings two aluminum foil packages were found containing what appeared to be marijuana. Tuvale asked Isaia if he "knew the things that had fallen out?" Isaia appeared "nervous" and "scared." Isaia made no other reaction. (Trial Tr. 12) He remained silent. Isaia was then escorted into the custom's office. (Trial Tr. 13)

In the course of conducting their preliminary investigation, Tuvale and Detective Fe`a of the Department of Public Safety ("Fe`a") performed the Duquenois-Levine field tests on the seized substance. These tests indicated the presence of tetrahydrocannibinols (THC), the active ingredient of marijuana. Isaia was taken into custody and was charged with unlawful possession, pursuant to A.S.C.A. §§ 13.1022 and 13.1006.

On August 11, 1999, the seized substances were submitted to a forensic analysis, consisting of both microscopic and chemical examination, by a Lieutenant Laumoli. (Trial Tr. 70-72) The substance was identified as marijuana. (Trial Tr. 71-72) This case was tried on September 14 and 15, 1999, before a jury.

On September 15, 1999, the jury in this cause returned a verdict finding

---

[*] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

4

Isaia guilty of unlawful possession of the controlled substance, marijuana, in violation of A.S.C.A. § 13.1022 (1992) (amended by P.L. No. 25-34 (1998)). Isaia was sentenced to imprisonment for five years on October 15, 1999.

A Motion for Reconsideration (New Trial) was denied on December 14, 1999, and Isaia filed a Notice of Appeal on December 17, 1999.

## Discussion

### A. Trial court's Sentencing Options Under A.S.C.A. § 13.1022 (1992)

Isaia alleges error by the trial court in its construction of the mandatory sentencing provision of A.S.C.A. § 13.1022 (possession of a controlled substance). He urges this Court to interpret the much amended sentencing language of this statute in light of the standard court dispositional options as outlined under A.S.C.A. § 46.1902, thereby allowing a person convicted under the possession of controlled substance statute to receive a term of conditional and revocable probation rather than a mandatory minimum term of imprisonment.

■ The meaning of a statute must be ascertained in light of its purpose. *Am. Samoa Govt v. Gatoloai*, 23 A.S.R.2d 65, 68 (Trial Div. 1992). Absent contrary legislative intention, a statute should be interpreted according to its plain meaning. *Am. Samoa Govt v. Alo*, 2 A.S.R.3d 91, 92 (Trial Div. 1998) (citing *United States v. Turkette*, 452 U.S. 576 (1981)). An interpretation should be avoided which construes a statutory provision to be meaningless or nugatory. *Id.* (quoting 73 AM. JUR. 2D, *Statutes* § 249 at p.492 (1974)).

The Statute under which Isaia was convicted, and is at issue before this Court, reads as follows in pertinent part:

> **13.1022 Possession of controlled substance unlawful.**
> (a) Except as authorized by the director, it is unlawful for a person to possess a controlled substance.
> (b) A person who violates this section is guilty of a felony and shall be punished as follows:
> (1) for a first offense, a fine not less than $5,000 and not more than $20,000 or not less than 5 years and not more than 10 years in prison, or both;
> * * *
> There shall be no parole for a conviction under this section.
> (c) The above penalties are mandatory.

This statute was amended to its current form by the *Fono* in 1998.[1] This amendment doubled the maximum possible penalties for a first time offense and explicitly denied parole to one convicted thereunder. These changes are reflective of a legislative intent[2] to toughen the punishment for possession of controlled substances.

Isaia submits that the statute allows the Court to punish a guilty defendant by imposing a fine and probation, with a term of detention, or such other appropriate provisions, as conditions of probation. (Appellant's Br. 6) Isaia points to the use of the disjunctive "or" and "or both" in the statute to justify this interpretation and to allow the

---

[1] P.L. 25-34, 25th Legislature of American Samoa, 4th Regular Session (July 13, 1998).

[2] A brief overview of legislative history on this subject matter is illustrative of this legislative intent. The crime of possession of marijuana originally appeared in the Territory's law books as 21 A.S.C. § 2553, with the enactment of P.L. 13-56, § 3, effective Nov. 5, 1974. As originally enacted, possession was a misdemeanor punishable by a term of imprisonment of up to one year or a fine of not more than $500. Additionally, 21 A.S.C. § 2555 allowed for "deferred proceedings" treatment of first offenders. In 1984, the *Fono* amended the law upgrading the crime of possession to a Class D Felony for the first offense, a Class C Felony for a second offense, and a Class B Felony for a third or more offenses. *See* 1984 P.L. 18-40, § 1. Deferred proceedings, however, were nonetheless maintained at this time. *See* A.S.C.A. § 13.1024.

In 1998, the *Fono* repealed § 13.1024, doing away altogether with "deferred proceedings." *See* 1998 P.L. 25-19, § 1. In the preamble to this repealer, the *Fono* made the following legislative findings:

> Some 23 years ago, the Legislature did not realize that possession of controlled substances such as . . . marijuana . . . can threaten the health and natural attributes of our children. In 1974, our lawmakers were conceived [sic] with the notion that mere possession of a small amount of [sic] illegal drugs could affect just the user. Present day possession of controlled substance no longer consists of a small amount but contains a large quantity and are dispersed regularly to our people, and has found its way to our younger population. A serious threat to the well being of our children is clearly manifested.

The preamble then concluded:

> The "deferred proceedings" provisions of section 13.1024 has definitely outlived its purpose if there was one. *The Court must proceed to enter its judgment and impose sentencing regularly pursuant to 13.1022 A.S.C.A.*

(Emphasis added.)

application of A.S.C.A. § 46.2203 (defining eligibility for probation) and A.S.C.A. § 46.2206 (allowing detention as a condition of probation).

■ The sentencing court's general sentencing options under 46 A.S.C.A., § 46.1902 for criminal case disposition are limited to "any *appropriate* combination." (Emphasis added) The term "appropriate" as used in that section limits the trial court's dispositional options in criminal cases arising under the criminal code, A.S.C.A. §§ 46.0101 *et seq.* ("Title 46"), to those term limits, definitions, and classifications which generally apply to most criminal cases. Where not otherwise specifically directed by the *Fono* in the penalty enactments of Title 46, the sentencing court may, in its sound discretion, find that an appropriate disposition of a particular case should involve probation rather than a straight sentence of imprisonment. *See* A.S.C.A. § 46.1902.

■ The instant case falls outside of the general dispositional approach, in that the underlying possession statute is codified outside of Title 46. The possession statute's specific penalty provisions include a mandatory minimum sentence of imprisonment without parole and a requirement that such penalties are mandatory. With respect to "appropriate" dispositional treatment of non-Title 46 convictions, A.S.C.A. § 46.1901 specifically provides:

> Every person found guilty of an offense, whether defined in this title or in the American Samoa Code Annotated in accordance with the classifications in this chapter, shall be dealt with by the court in accordance with the provisions of this chapter, except that for offenses defined outside this title and not in accordance with the classifications of this chapter and not repealed, the term of imprisonment or the fine that may be imposed is that provided in the statute defining the offense.

An "appropriate" disposition of a conviction under the possession statute therefore requires the sentencing court to impose at least a mandatory minimum fine of fine of $5,000.00 or a mandatory minimum prison term of 5 years or both. The prison term is to be served without parole, as specified by the *Fono*. Reiterating its intent that at least a substantial minimum fine or prison term be imposed (as an "appropriate" disposition for a conviction of this offense), the *Fono* concludes the penalty section of that statute with: "(c) The above penalties are mandatory."

■ Although the *Fono* has utilized other terms of art in establishing specific, mandatory prison sentences for other offenses which preclude the sentencing court from imposing probation as an "appropriate" disposition, the language utilized in this drug possession statute is sufficiently clear to impart a specific and substantial limitation upon the

7

sentencing court's general dispositional options under A.S.C.A. § 13.1022. Under this statutory scheme, probation, is not an "appropriate" disposition. *See also* 1998 P.L. 25-19, Preamble.

B. Propriety of Prosecutor's Statements

Isaia was taken into custody by customs officials and later read his rights in accordance with *Miranda v. Arizona,* 384 U.S. 436 (1966). Prior to being taken into custody, and while he was being searched by a customs agent at the airport, Isaia chose to remain silent when questioned. Additionally, he did not testify at trial. During the prosecuting attorney's closing arguments, the following statement was made to the jury:

> Now, when Officer Tuvale picked up this package, this package wrapped in the shorts, he told you that some green material fell out. And he turned to the defendant and said, what's this? Now, put yourself, Ladies and Gentlemen, in the position of an innocent person confronted with this situation. I submit there are all sorts of answers that this innocent person could give, but he definitely would give an answer. What did the defendant do? Silence.

(Trial Tr. 109) Isaia argues that the Trial court erred by admitting evidence of his silence during the government's case.

■ We review Isaia's claim of misuse of his silence under the plain-error standard, because trial counsel did not properly object during trial. *See United States v. Whitehead,* 200 F.3d 634, 638 (9th Cir. 2000) (citing *United States v. Plunk,* 153 F.3d 1011, 1019 (9th Cir.), *amended by* 161 F.3d 1195 (9th Cir. 1998)). Under the plain-error standard there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error "seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *Whitehead,* 200 F.3d at 638 (quoting *Plunk,* 153 F.3d at 1019)). We note that Isaia's silence occurred pre-arrest and pre-Miranda and was not protected as a Fifth Amendment privilege, therefore the Trial court did not commit plain error in allowing its use.

■ Use of a defendant's pre-arrest, pre-Miranda silence as substantive evidence of guilt at trial does not violate defendant's privilege against self-incrimination nor his right to due process. *United States v. Oplinger,* 150 F.3d 1061, 1066 (9th Cir. 1998). The rule of *Oplinger* applies to the period of time "prior to custody," *id.,* "when a citizen is under no official compulsion whatever, either to speak or to remain silent." *Id.* (quoting Jenkins v. Anderson, 447 U.S. 231, 241 (1980) (Stevens, J.,

concurring)).  Applying *Oplinger*, we find that Isaia's silence was pre-arrest, pre-Miranda and not made at time where there was "official compulsion" to speak or remain silent.  As such, use of the silence as substantive evidence of guilt at trial does not violate Isaia's privilege against self-incrimination and as it was not "error," it can clearly not be "plain error."

## C. Ineffective Assistance of Counsel

■ In order to demonstrate ineffective assistance of counsel, a defendant must show (1) specific unreasonable errors, and (2) a reasonable likelihood that absence of those errors would have changed the result of the case.  *Suisala v. Moaali`itele*, 6 A.S.R.2d 15, 20-21 (Trial Div. 1987).  The Court there cited to *Strickland v. Washington*, 466 U.S. 668 (1984).[3]

We find that this claim of appellant has no merit as Counsel Penn's representation was neither deficient nor prejudicial.  *See Pua`a v. Am. Samoa Gov't*, 3 A.S.R.3d 39, 46 (App. Div. 1999).  She cross-examined witnesses when she deemed it necessary to do so, she engaged in proper *voir dire* of the government's expert and made a tactical decision not to extensively cross-examine this witness.  She properly conducted trial based on her experience and the result was certainly not a "breakdown in the adversarial process"[4] such as to warrant a finding of error.  Additionally, with the Court satisfied that Isaia's privilege against self-incrimination was not violated, *see above*, counsel's failure to object to the use of Isaia's silence as substantive evidence of guilt by the prosecutor was not in error.  As such, this Court finds no error based upon Counsel's actions.

## D. Sufficiency of the Evidence

The evidence presented at trial was sufficient to support a finding of guilt.  There was sufficient evidence that Isaia was "knowingly" in possession of marijuana.  In addition, there was sufficient evidence that the substance Isaia possessed was marijuana.  (Trial Tr. 32-53, Lt. Laumoli's testimony)

---

[3] *Strickland* put forth the basic test that defendant must show (1) counsel's performance was deficient, in other words, he made "errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment" and (2) that the errors were so serious that defendant was denied a fair trial.

[4] *Strickland v. Washington*, 466 U.S. 668, 696 (1984).

9

## Conclusion

For reasons stated above, the judgment appealed from will be AFFIRMED.

It is so ordered.